UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DORIS FINCH, *pro se*,

        Plaintiff,

-against-

XPERT REMODELING,

        Defendant.
-------------------------------------------------------------x

**SUMMARY ORDER**
11-CV-1689 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff, proceeding *pro se,* filed the instant complaint on April 6, 2011, alleging damages resulting from home improvement work defendant performed on her residence in Brooklyn, New York. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, and dismisses the complaint for lack of subject matter jurisdiction, without prejudice to re-file in state court.

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010). Federal question jurisdiction is invoked where the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). To have complete diversity, "each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

Here, the facts do not support a pleading of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff resides in Brooklyn, New York and defendant Xpert Remodeling is a New York Corporation with a principal place of business in Manhattan. 28 U.S.C. § 1332(c) (For diversity

purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Accordingly, diversity jurisdiction is lacking.

A plaintiff properly invokes federal-question jurisdiction by pleading a colorable claim arising under the Constitution or laws of the United States. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). A claim invoking jurisdiction pursuant to § 1331, however, "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 513 n.10. Here, plaintiff fails to raise a substantial federal question. The complaint alleges a contract dispute and claims that arise under state law. Accordingly, the complaint is dismissed without prejudice to re-file in state court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 20, 2011

_____/S/_____
DORA L. IRIZARRY
United States District Judge